# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11-cv-264-RJC

| | |
|---|---|
| ROBERT PARHAM, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ORDER ) |
| FNU PARSONS, et al., | ) ) |
| Defendants. | ) ) |

**THIS MATTER** is before the Court on Plaintiff's Motion to Compel Discovery, (Doc. No. 30), and on Plaintiff's Motion to Appoint Counsel, (Doc. No. 31).

In support of the motion to appoint counsel, Plaintiff states that he is incarcerated, has limited knowledge of the law, and has no access to a law library. See (Doc. No. 31). There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Notwithstanding Plaintiff's contentions to the contrary, this case does not present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's Motion to Appoint Counsel will be denied.

Next, as to Plaintiff's Motion to Compel Discovery, the Court will herewith enter a Pretrial Order and Case Management Plan setting forth discovery requirements and deadlines. To this extent, Plaintiff's motion is denied as moot.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Motion to Appoint Counsel, (Doc. No. 31), is **DENIED**.

(2)  Plaintiff's Motion to Compel Discovery, (Doc. No. 30), is **DENIED** as moot, given that the Court is herewith entering a Pretrial Order and Case Management Plan setting forth discovery requirements and deadlines.

Signed: May 6, 2013

Robert J. Conrad, Jr.
Chief United States District Judge